IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLORENCE M. MORRISON,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )  Civil Action No. 04-194J
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
            Defendant.           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 28th day of September, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on July 21, 1999, alleging disability since September 1, 1995 due to fibromyalgia, carpal tunnel syndrome, diabetes, depression, hypertension, high cholesterol and allergies. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on June 15, 2000, at which plaintiff appeared represented by counsel. On September 21, 2000, the ALJ issued a decision finding that plaintiff was not disabled.

Plaintiff then requested review of the ALJ's decision by the Appeals Council. While awaiting a response from the Appeals Council on her request for review, plaintiff filed subsequent applications for DIB and SSI in December 2000. The December

2

2000 applications resulted in a favorable decision by the state agency that plaintiff was entitled to receive benefits effective the date after the ALJ's September 21, 2000 decision. The Appeals Council then granted review of the ALJ's September 21, 2000 decision, and ordered the re-opening of plaintiff's subsequent award of benefits due to a discrepancy in the findings regarding the severity of her mental impairment.

In accordance with the Appeals Council's order of remand, the ALJ obtained updated medical information, including the opinion of a medical expert concerning plaintiff's mental health impairment, and held another hearing on December 16, 2002. At the hearing, plaintiff amended her alleged onset date to January 31, 2000. On February 19, 2003, the ALJ issued a decision finding that plaintiff was not entitled to benefits at any time through the date of the decision because she was not disabled under the Act. The Appeals Council denied plaintiff's subsequent request for review on July 14, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was between 50 to 53 years old during the period under consideration in this case, thus she is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has a high school education. In addition, she has past relevant work experience as a nurse's aide and a phlebotomist, but she has not engaged in

AO 72A
(Rev.8/82)

substantial gainful activity since her amended alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.  The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of fibromyalgia, right carpal tunnel syndrome, diabetes with mild neuropathy and major depressive disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with certain exertional and non-exertional limitations.  Plaintiff requires work that involves only limited pushing and pulling with the right upper extremity.  In addition, plaintiff requires work that does not involve excessive climbing, balancing and stooping, as well as work that does not involve climbing stairs. Finally, plaintiff is limited to simple, routine, unskilled work that is low stress, low concentration and low memory (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded

AO 72A
(Rev.8/82)

that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an envelope sorter, ticket taker, linen room aide, light janitorial worker or injection mold press operator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations governing the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the

criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

6

Here, plaintiff challenges the ALJ's step 5 finding on the basis that the ALJ improperly disregarded the opinions of her treating psychologist and treating neurosurgeon. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the opinions of plaintiff's treating sources were not entitled to controlling weight.

Plaintiff first contends that the ALJ improperly disregarded the opinion of her treating psychologist, Dr. John Jubala. In February 2001, Dr. Jubala completed a medical assessment form of plaintiff's ability to perform mental work-related activities,[1] and he rated her as having poor or no ability in several areas such as using judgment,[2] dealing with work stress, functioning independently, maintaining concentration and carrying out detailed and complex job instructions. (R. 843-44). Nonetheless, Dr.

---

[1] In May 2002, Dr. Jubala completed a second medical assessment form of plaintiff's ability to perform mental work-related activities, on which he identified many of the same limitations as set forth on the February 2001 form. (R. 892-93).

[2] The court notes that Dr. Jubala checked the box indicating that plaintiff has poor ability in using judgment, yet his written report accompanying the form report indicates that plaintiff's social judgment is fair and her test judgment is good. (R. 839).

7

Jubala also indicated on that same medical assessment form that plaintiff has a fair ability to carry out simple job instructions, and he rated her as having good or fair ability in the areas of following work rules, relating to co-workers, dealing with the public, interacting with supervisors, demonstrating reliability and relating predictably in social situations, thus suggesting that plaintiff is not precluded from all work. (R. 843-44).

The ALJ's decision thoroughly discussed Dr. Jubala's assessment of plaintiff. The ALJ indicated that the restrictions identified by Dr. Jubala are not supported by his own treatment notes, which reveal that plaintiff's symptoms fluctuate with treatment. (R. 929-33). In addition, the notes of plaintiff's treating psychiatrist, Dr. Antonowicz, indicate that plaintiff reported to him in June 2002 that her depression lifted with medication. (R. 970). In August 2002, plaintiff reported to Dr. Antonowicz that "she is not really depressed at the present time, but she is actually not happy either." (R. 968). However, plaintiff further commented to Dr. Antonowicz that she was "not that bad." (R. 968). Dr. Antonowicz's notes of plaintiff's self reports about her condition are contradictory to Dr. Jubala's restrictive assessment of her capabilities. Furthermore, plaintiff reported that she engages in a variety of daily activities such as taking care of her personal needs, visiting with relatives, watching television, sewing, cooking, doing some

8

household tasks, going to the mall and going out to eat, watching movies and playing cards. (R. 48-49, 291, 295, 302).

For all of the foregoing reasons, the court finds that the ALJ properly evaluated Dr. Jubala's opinion concerning plaintiff's ability to perform various mental work-related functions and decided it was entitled to minimal weight. (R. 25-27). Although the ALJ did not give Dr. Jubala's opinion and assessment of plaintiff controlling weight,[3] the ALJ's RFC Finding accommodated the limitations identified by Dr. Jubala by restricting her to simple, routine, unskilled work that is low stress, low concentration and low memory.

Plaintiff next claims that the ALJ did not properly evaluate Dr. Kornel Lukacs' findings. Dr. Lukacs, who was plaintiff's treating neurologist for fibromylagia, determined in February 2001 and again in May 2002 that plaintiff has the ability to perform light work activity. (R. 827, 889). The ALJ determined that plaintiff has the residual functional capacity to perform light

---

[3]Plaintiff also argues that the ALJ erred in giving controlling weight to the opinion of Dr. C. David Blair, a psychologist who served as a medical expert in this case and responded to interrogatories propounded by the ALJ concerning plaintiff's mental impairment. The ALJ summarized Dr. Blair's findings regarding plaintiff's depression. (R. 26). The ALJ did not state that he gave Dr. Blair's findings controlling weight. The ALJ's thorough opinion indicates that he considered Dr. Blair's findings, along with the reports and findings by plaintiff's treating sources, her activities of daily living and her course of treatment in making his RFC Finding. (R. 25-27). Accordingly, plaintiff's argument regarding the amount of weight the ALJ afforded to Dr. Blair's opinion lacks merit.

work, with other exertional and non-exertional limitations. (R. 25). The ALJ's physical RFC Finding clearly adopted Dr. Lukacs' opinion, thus plaintiff's argument to the contrary lacks merit.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Charles R. Gority, Esq.
509 Allegheny Street
Hollidaysburg, PA 16648

John J. Valkovci
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901